1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7
8

### EASTERN DISTRICT OF CALIFORNIA

9  SAMIR BEOOL,                           1:09-cv-00616-SMS (HC)

10                    Petitioner,         ORDER DISMISSING GROUND TWO OF
                                          PETITION FOR FAILURE TO STATE A
11        v.                              COGNIZABLE CLAIM

12                                        [Doc. 1]
   JOHN SUGRUE,
13
                      Respondent.
14  _____/

15
16        Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus

17  pursuant to 28 U.S.C. § 2241.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to

18  the jurisdiction of the United States Magistrate Judge.

19        In the instant petition for writ of habeas corpus, although it is not entirely clear it appears

20  Petitioner claims (1) he was improperly denied bail, denied transfer to a community corrections

21  center, and denied the opportunity to participate in certain Bureau of Prisons ("BOP") programs

22  because he is a deportable alien; and (2) he is entitled to the findings of the investigation

23  described in the detainer notice issued by the Immigration and Naturalization Service, or the

24  detainer notice lifted.  The latter claim must be dismissed.

25        A federal court may only grant a petition for writ of habeas corpus if the federal petitioner

26  can demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the

27  United States."  28 U.S.C. § 2241(a), (c)(3).  A habeas corpus petition is the correct method for a

28  prisoner to challenge "the very fact or duration of his confinement," and where "the relief he

1    seeks is a determination that he is entitled to immediate release or a speedier release from that

2    imprisonment." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 489 (1973).  Habeas corpus relief is not

3    available to challenge an immigration detainer notice.  <u>See</u> <u>Campos v. Immigration and</u>

4    <u>Naturalization Service</u>, 62 F.3d 311, 314 (9th Cir. 1995); <u>Garcia v. Taylor</u>, 40 F.3d 299, 303 (9th

5    Cir. 1994) ("the bare detainer letter alone does not sufficiently place an alien in INS custody to

6    make habeas corpus available") (superseded on other grounds by statute).

7         Because Petitioner's claim regarding the investigation and issuance of the detainer notice

8    does not challenge the fact or duration of his confinement, it is HEREBY DISMISSED from the

9    action.

10    IT IS SO ORDERED.

11    **Dated:     July 2, 2009**                      _____/s/ **Sandra M. Snyder**_____
                                     UNITED STATES MAGISTRATE JUDGE