# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMIR BEOOL, | 1:09-cv-00616-SMS (HC) |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO ENTER JUDGMENT IN FAVOR OF RESPONDENT |
| v. | |
| JOHN SUGRUE, | [Doc. 1] |
| Respondent. | CERTIFICATE OF APPEALABILITY UNNECESSARY |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

BACKGROUND

On December 3, 2007, Petitioner was sentenced by Judge Fischer of the United States District Court for the Central District of California to 50 months imprisonment for violating 21 U.S.C. §§ 841(a)(1), 841(c)(2), 846, and 18 U.S.C. § 2.

Petitioner is currently in custody of the Bureau of Prisons ("BOP") at the Big Spring Correctional Center, in Big Spring Texas ("BSCC"). His projected release date is December 20, 2009, via good conduct time release. See Exhibit 1, attached to Answer, Public Information Inmate Data.

On October 20, 2006, the Immigration and Naturalization Service (currently known as the Immigration and Customs Enforcement Agency) lodged a detainer against Petitioner for possible

deportation.  See Exhibit 3, attached to Answer, Immigration Detainer, Notice of Action.

Petitioner filed the instant federal petition for writ of habeas corpus on November 3, 2008 in the United States District Court for the Central District of California.  (Court Doc. 1.)  On April 6, 2009, the petition was transferred to this Court.  (Court Doc. 6.)  Respondent filed an answer to the instant petition on September 10, 2009, and Petitioner did not file a traverse. (Court Doc. 20.)

## DISCUSSION

### I.    Standard of Review

Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  See 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2d Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).  To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner.  See e.g. Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole).  A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian.  Brown, 610 F.2d at 677.  At the time the instant petition was filed, Petitioner was confined at the California City Correctional Center ("CCCC"), which is within the jurisdiction of the United States District Court for the Eastern District of California.  "'[J]urisdiction attaches on the initial filing for habeas corpus relief, and

it is not destroyed by a transfer of the petitioner and the accompanying custodial change.'" Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990), quoting Santillanes v. United States Parole Comm'n, 754 F.2d 887, 888 (9th Cir. 1985).

II.     Exhaustion of Administrative Remedies

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983). The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990). Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id. If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." In sentence computation cases, a defendant must "commence serving his sentence and exhaust his administrative remedies before he can petition for judicial review of the denial of credit for time served in custody." United States v. Checchini, 967 F.2d 348, 350 (9th Cir. 1992).

Respondent argues that Petitioner has not filed any administrative remedies related to RRC placement, program participation, or denial of bail. See Exhibit 4, attached to Answer, Declaration of Cecilia Burks. Ms. Burks declares that Petitioner "has not exhausted the administrative remedy process regarding Residential Re-Entry Center placement, bail denial, or denial of programs. Inmate Beool has filed two administrative remedies involving legal mail. He has not filed any remedies at the national level, and therefore has not exhausted the administrative remedies process on these, or any other issues." (Exhibit 4, Declaration, at 2.) Thus, it clear from the evidence submitted by Respondent that Petitioner has not exhausted the available administrative remedies and the petition is subject to dismissal without prejudice. Notwithstanding the failure to exhaust, as discussed *infra*, the petition is without merit and must be dismissed and/or denied.

III.     Review of Petition

Habeas corpus claims are limited to those that would lead to a petitioner's release from confinement sooner than otherwise would occur, while other prisoner claims are confined to civil rights suits.  See Ramirez v. Galaza, 334 F.3d 850, 856-59 (9th Cir. 2003) (holding that where suits challenge conditions of prison life and not the fact or length of a sentence, a 1983 action is the proper remedy).

To the extent petitioner contends that the pending detainer prevents him from participating in certain programming in prison, his claim is without merit.  An inmate does not have a constitutional right to a specific educational or vocational program in prison, or to be transferred to another institution to participate in a certain program.  See Rhodes v. Chapman, 452 U.S. 337, 348 (1981); Montanye v. Haymes, 427 U.S. 236, 243 (1976).  While Petitioner does not specify what programs he is referring to, there is no right to any particular programming.  Moreover, prisoners do not have a constitutional right to a prison job or certain educational or vocational training.  See Baumann v. Arizona Dep't of Corrections, 754 F.2d 841, 846 (9th Cir. 1985) (no constitutional right to jobs and educational opportunities); Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) (no liberty or properly interest in vocational training); Hoptowit v. Rhay, 682 F.2d 1237, 1254-55 (9th Cir. 1982) (no constitutional right to rehabilitation); accord Gill v. Mooney, 824 F.2d 192, 194 (2d Cir. 1987) (no constitutional right to prison job); Adams v. James, 784 F.2d 1077, 1079 (11th Cir. 1986) (same); Flittie v. Solem, 827 F.2d 276, 279 (8th Cir. 1987) (inmates have no constitutional right to be assigned a particular job); Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir. 1986) (Constitution does not create a property interest in prison employment); Toussaint v. McCarthy, 801 F.2d 1080, 1094-95 (9th Cir. 1986) (inmates have no constitutional right to participate in prison work programs).  Accordingly, Petitioner's claim is without merit.

To the extent Petitioner claims that he been denied transfer to a community treatment center, this claim is also without merit.  Placement in a Community Corrections Center is outlined in BOP Program Statement 7310.04.  Policy dictates that "inmates with unresolved pending charges, or detainers, which will likely lead to arrest, conviction or confinement" shall

not ordinarily participate in a RRC program.  See BOP PS 7310.04 at 10-11.  In addition, inmates who are deportable aliens are not considered for referral for transfer to halfway houses.  Id.  The Ninth Circuit has specifically held that immigration detainers which exclude BOP inmates from community programs, such as halfway houses or substance abuse treatment, do not deprive inmates of due process." McLean v. Crabtree, 173 F.3d 1176, 1183-84, 1186 (9th Cir. 1999).  In rendering this finding, the Ninth Circuit stated "excluding prisoners with detainers from participating in community-based treatment programs, and consequently from sentence reduction eligibility" is rationally related to BOP's "legitimate interest in preventing prisoners from fleeing detainers while participating in community treatment programs.  Id.  This line of reasoning is based on the "concern that prisoners with detainers pose a flight risk during the community-based treatment phase" because those prisoners "have reason to flee a halfway house." Id.

It also appears that Petitioner is attempting to challenge the denial of bail.  However, because Petitioner has been duly convicted and is serving his valid federal sentence (after direct appeal was waived) the federal "bail" statutes set forth in 18 U.S.C. §§ 3141-3156, do not appear to apply to Petitioner's circumstance.  Nor has Petitioner presented any evidence that he is entitled to bail or that BOP has wrongfully denied it.  Accordingly, there is simply no basis to Petitioner's claim and it must be denied.

## CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DENIED;
2. The Clerk of Court is directed to enter judgment in favor of Respondent; and,
3. A certificate of appealability is not necessary.  Forde v. U.S. Parole Comm'n, 114 F.3d 878, 879 (9th Cir. 1997) (no COA required because detention does not arise out of process issued by state court.).

IT IS SO ORDERED.

**Dated:   October 22, 2009**             /s/ Sandra M. Snyder
                                                                              UNITED STATES MAGISTRATE JUDGE